**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3373-17T4

SANTANDER BANK, N.A.,

      Plaintiff-Respondent,

v.

IRA SMULYAN,

      Defendant-Appellant,

and

SHEILA SMULYAN and
CONSECO FINANCE
SERVICING CORP.,

      Defendants.

_____

Submitted May 28, 2019 – Decided July 8, 2019

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-043976-14.

Ira Smulyan, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Sonya Gidumal Chazin, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Ira Smulyan appeals from several Chancery Division orders. Specifically, defendant appeals from the December 18, 2015 order granting summary judgment to plaintiff Santander Bank, N.A.; the March 4, 2016 order denying defendant's motion for reconsideration; the November 18, 2016 order denying defendant's motion to vacate default and dismiss the complaint; the February 3, 2017 order denying defendant's motion for reconsideration; and the February 8, 2018 order entering final judgment of foreclosure. For the reasons that follow, we affirm.

By way of background, on December 23, 2003, defendant and his wife, Sheila Smulyan (collectively defendants), executed a thirty-year promissory note to Sovereign Bank, Federal Savings Bank, in the amount of $270,000. To secure payment of the note, on the same date, defendants executed a non-purchase money mortgage to Sovereign Bank, encumbering their residential property located in Union (the subject property), which mortgage was recorded in the Union County Clerk's Office on January 7, 2004. Defendants defaulted on the mortgage loan by failing to make the August 1, 2011 installment payment, or any payments thereafter.

Effective October 17, 2013, Sovereign Bank was renamed plaintiff Santander Bank. Thereafter, on May 13, 2014, plaintiff mailed defendants at the subject property by certified and regular mail a Notice of Default and Intention to Foreclose (NOI), in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73. After defendants failed to cure the default, on October 21, 2014, plaintiff filed a foreclosure complaint. On November 26, 2014, defendant[1] filed a motion to dismiss in lieu of an answer, asserting that previously, on June 4, 2014, plaintiff had "sen[t] [a] [v]oluntary [d]ismissal to [the trial c]ourt unbeknownst to [him,]" seeking to dismiss without prejudice an earlier foreclosure complaint filed against him.

On March 20, 2015, during oral argument on defendant's motion, plaintiff conceded that it had filed a voluntary dismissal on the original complaint because of a "deficien[t]" NOI. As a result, the court determined plaintiff had violated Rule 4:37-1, by filing a voluntary dismissal without obtaining defendant's consent. Thus, the court awarded defendant a $7000 credit, to be applied at any future "proof hearing in this matter," representing a percentage "of the attorney's fees . . . incurred" by defendant in connection with the

---

[1] Although Mr. and Mrs. Smulyan are both defendants, Mrs. Smulyan did not participate in the proceedings in the trial court or on appeal. Therefore, we refer to Mr. Smulyan as defendant throughout the opinion.

A-3373-17T4

dismissed foreclosure complaint. The court also allowed defendant thirty-five days to file an answer.

On April 29, 2015, defendant filed a contesting answer containing numerous affirmative defenses, including challenging the NOI and plaintiff's standing. Following the completion of discovery, plaintiff moved for summary judgment, affixing a copy of the original note, mortgage, payment history, and NOI to its moving papers. To support its motion, plaintiff submitted a certification prepared by its default operations analyst, Alan Norris, who certified that in his position, he had "complete access and authorization to review . . . [p]laintiff's business records, including the computer records, logs loan account[,] and related business records for and relating to . . . [d]efendant's loan." According to Norris, these records were "maintained by [plaintiff]," were "made at or near the time of the event, by or from information transmitted by a person with knowledge[,]" and "[i]t [was] [plaintiff's] regular practice to keep such records in the ordinary course of [its] regularly conducted business activity."

Norris certified further that "based upon [his] personal review of those records . . . and . . . [his] . . . personal knowledge of how such records are kept and maintained[,]" the "original promissory [n]ote was acquired by . . .

[p]laintiff on September 18, 2013[,]" and "remain[ed] in [plaintiff's] possession . . . at th[at] time." He averred that plaintiff was in possession of the original note when the instant foreclosure complaint was filed, when defendant defaulted on the loan, and when defendant failed to cure the default after being served with the NOI. He also certified that "Santander Bank, N.A. [was] formerly known as Sovereign Bank, N.A."

In opposition, defendant certified that there remained "outstanding/unresolved issues of material fact of standing/ownership/ possession of the note [and] mortgage[,]" that "no discovery ha[d] been done[,]" and that there were "multiple flaws in [the NOI]." To support his challenge to plaintiff's standing, defendant provided a November 5, 2013 letter from Santander's mortgage loan operations team, informing defendant that Mortgage Partnership Finance (MPF) owned defendant's loan, while Santander Bank remained the servicer of the mortgage and received "any scheduled periodic payments from [defendant] pursuant to the terms of [the] loan[.]"

On December 18, 2015, following oral argument, Judge Joseph P. Perfilio granted plaintiff's motion in an oral opinion. Reciting the applicable legal principles, the judge stated:

> When a motion for summary judgment is made in
> a mortgage foreclosure case, the only material issues

5

are the validity of the mortgage and the note, the existence of the indebtedness, and the plaintiff's right to foreclose. Additionally, . . . the mortgagee must demonstrate compliance with the [FFA] notice requirements under N.J.S.A. 2A:50-53 [to -73].

[Rule] 4:46-2(b) provides that all material facts in the movant's statement of undisputed facts which are sufficiently supported will be deemed admitted for purposes of the motion . . . unless specifically disputed by citation conforming to the requirements of paragraph [(a)], demonstrating the existence of a genuine issue of material fact.

Additionally, [Rule] 4:46-5(a) requires that when a motion for summary judgment is made and supported as provided by the rule, an adverse party may not rest upon mere allegations or denials of the pleading, but must respond by affidavits meeting the requirements of [Rule] 1:6-6 – in other words, on personal knowledge – or as otherwise provided in [Rule] 4:46-2(b), setting forth facts showing that there is a genuine issue for trial.

As the Appellate Division indicated, [the adverse party's] conclusions in the pleadings without factual support and tendered affidavits will not defeat a motion for summary judgment.

Further, a certification in a case like this will support the judgment if the material facts alleged therein . . . are based, as required by [Rule] 1:6-6, on personal knowledge.

Summarizing the parties' respective positions, the judge stated that "[p]laintiff argue[d] . . . there[] [was] no genuine issue of material fact" and "[p]laintiff ha[d] the absolute right to foreclose, because . . . defendants

6

defaulted on their mortgage[,] . . . giving . . . plaintiff the right to accelerate the subject mortgage." In contrast, defendant argued plaintiff did not have standing, the NOI was deficient because it was not sent in accordance with the FFA, and there was still outstanding discovery. According to the judge, defendant also challenged "the validity of the note," and the absence of an "assignment of the mortgage" accompanying its sale. Further, the judge noted defendant questioned "how [he] could be indebted to . . . plaintiff if the note ha[d] been paid off in the sum of $270,000 by MPF[,]" as indicated in the November 5, 2013 letter.

Addressing the November 5, 2013 letter, stating that MPF was the owner of the loan, the judge ultimately agreed with plaintiff that the letter was inadmissible hearsay. Nonetheless, viewing the evidence in the light most favorable to defendant, based on the discovery, the judge determined "that [MPF] was an investor" and "[a]s an investor," defendant had no "privity in that contract." The judge explained that "if Santander Bank [was] the successor [of] Sovereign Bank," then plaintiff was the originating lender and could establish standing to foreclose by virtue of its "possession of the note[,]" "as the mortgage follow[ed] the note." In other words, "there[] [was] no need for an assignment if the party has . . . possession of the note."

Thus, the judge ordered plaintiff to provide proof within thirty days that Sovereign Bank was, in fact, renamed Santander Bank, and directed plaintiff to produce "a merger document or a certification of the merger and the date of the merger" to establish that Sovereign Bank and Santander Bank were one in the same. Subject to supplying the court with the requested documentation, the judge accepted "Norris' certification in relation to the original note, mortgage, and [NOI,]" to establish that plaintiff was "the holder of the note" and entitled to foreclose on the mortgage. The judge entered a conforming order on December 18, 2015, granting plaintiff summary judgment, striking defendant's answer, and entering default against him.

Thereafter, plaintiff provided the requisite documentation showing that effective October 17, 2013, Sovereign Bank, N.A. was renamed Santander Bank, N.A. Defendant moved for reconsideration of the December 18, 2015 order, reiterating his contention that plaintiff did not have standing to foreclose. In support, for the first time, defendant provided the court with a property securitization analysis report prepared by Certified Forensic Loan Auditors, LLC purportedly indicating that Sovereign Bank sold defendant's loan in 2004. Defendant asserted that because plaintiff failed to provide in discovery any

assignment from the party to whom Sovereign Bank sold the loan, plaintiff could not establish standing.

On March 4, 2016, following oral argument, Judge Perfilio denied defendant's motion in an oral opinion. Relying on Rule 4:49-2, Fusco v. Board of Education of City of Newark, 349 N.J. Super. 455 (App. Div. 2002), and D'Atria v. D'Atria, 242 N.J. Super. 392 (Ch. Div. 1990), the judge explained the applicable legal principles as follows:

> A motion for [re]consideration . . . shall be utilized only in those . . . cases which fall into the narrow corridor where either the [c]ourt has expressed its decision based on [a] palpably incorrect or irrational basis or it[] [is] obvious that the [c]ourt either did not consider or failed to appreciate the significance of probative competent evidence. . . .
>
> So[,] a motion for reconsideration is within the sound discretion of the [c]ourt and a litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner before the [c]ourt should engage in the actual reconsideration process.
>
> Alternatively, if a litigant wishes to bring new or additional information to the [c]ourt's attention that it . . . could not have provided on the first application, the [c]ourt should in the interest of justice and the exercise of sound discretion consider that evidence . . . . [I]f it could have been provided, it should have been provided.

9

The judge rejected the report relied upon by defendant, noting it was an "out-of-court statement that was offered . . . to prove the truth of its contents," and was therefore "a hearsay document." According to the judge, unlike the Norris certification offered by plaintiff to support its summary judgment motion, the report did not qualify under the business records exception to the hearsay rule. See N.J.R.E. 803(c)(6). The judge continued that even if he accepted the report, "defendant reassert[ed] the same arguments that were set forth in opposition to the summary judgment [motion]" and were previously addressed by the court. Thus, according to the judge, defendant failed to satisfy the standard for reconsideration in that he "did not present evidence of an irrational basis or evidence that [his argument] was not properly considered."

The judge also reaffirmed his previous ruling granting plaintiff summary judgment based on plaintiff's submission of the supplemental "documentation regarding the merger of Sovereign Bank, which included a . . . certificate of corporate existence and a certification of Gerard Chamberlain, the assistant secretary of . . . plaintiff." The judge explained:

> Mr. Chamberlain certifie[d] that . . . the resolution adopted by the bank's Board of Directors to change the bank's name to Santander Bank . . . was a letter from the Office of the Controller of the Currency addressed to Mr. Chamberlain October 1[,] 2013, which stated that the Office of the Controller of the Currency

will amend its records to reflect that effective October 17, 2013[,] the corporate title of Sovereign Bank National . . . Association will change to . . . Santander Bank National Association.

These papers demonstrate to the [c]ourt that . . . plaintiff does have standing to foreclose on the mortgage property and therefore the . . . December 18[, 2015] . . . order granting summary judgment . . . will remain in place.

Thereafter, defendant moved for a stay of the foreclosure proceedings and for an order to: (1) compel plaintiff to produce a recital of all assignments in connection with the chain of title in accordance with Rule 4:64-1(b)(10); (2) substitute the appropriate party for plaintiff; and (3) dismiss the complaint. On November 18, 2016, following oral argument, in an oral opinion, Judge Perfilio denied defendant's motion, finding that defendant failed to meet the four requirements for staying proceedings under Crowe v. De Gioia, 90 N.J. 126 (1982). The judge also determined that defendant "essentially reiterate[d] his argument regarding standing," which was "already resolved . . . in plaintiff's favor," "in addition to [advancing] several other baseless arguments."

On August 12, 2016, plaintiff moved for entry of final judgment pursuant to Rule 4:64-9. In support, plaintiff provided a certification of diligent inquiry, pursuant to Rule 4:64-2(d), and a certification of proof of amount due with an attached schedule, pursuant to Rule 4:64-2(b). Defendant objected to entry of

11

final judgment, and on December 16, 2016, Judge Perfilio granted defendant's objection in part, and ordered that "[t]he amount stated in [p]laintiff's certification of proof of amount due . . . be reduced by [$7000,]" consistent with the previous March 20, 2015 order granting defendant a $7000 credit.

Thereafter, defendant moved for reconsideration of the November 18, 2016 order, claiming he "obtained additional documents . . . from the public land records, . . . which establish that one or more assignments . . . existed." Defendant posited that these documents showed that "plaintiff did not comply with [Rule] 4:64-1(b)(10)," which required plaintiff to include "a recital of all assignments in the chain of title in the complaint[,]" thus rendering the "complaint invalid." On February 3, 2017, following oral argument, in an oral opinion, Judge Perfilio denied defendant's motion, finding defendant failed to "[carry] his burden to warrant reconsideration."

Initially, the judge noted "[t]he new evidence" consisted of "public records which [were] available from the start," and, "as such," were "not new records" unavailable to "defendant during his first application." Additionally, according to the judge, "defendant has not demonstrated that the [c]ourt's prior holding was based upon a palpably incorrect, irrational basis." Further, the judge found that defendant's "application [was] a re-litigat[ion] of a previously

decided issue" because "[t]he [c]ourt ha[d] on three separate occasions determined to its satisfaction that . . . there [were] no assignments in the chain of title and that plaintiff ha[d] standing to foreclose on the instant mortgage." Finally, the judge rejected "[d]efendant's theory . . . that there may be other parties in interest or hidden assignment[s] stemming from the acquisition of Sovereign Bank by Santander" because "no other parties are now nor has any other party ever attempted to enforce th[e] loan which has been in default since August . . . 2011."

On January 11, 2018, plaintiff filed an amended motion for entry of final judgment, along with a certification of diligent inquiry and a certification of proof of amount due with an attached schedule, which accounted for the $7000 credit to defendant. On February 8, 2018, final judgment of foreclosure was entered in favor of plaintiff, and this appeal followed.

Although defendant listed several orders in his notice of appeal, he only challenges the order granting plaintiff summary judgment in his merits brief. Because defendant presents no legal argument or citation of law challenging the other orders in his brief, he has effectively waived those arguments on appeal. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2

A-3373-17T4

(App. Div. 2015); see also El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155 n.2 (App. Div. 2005).

As to the summary judgment order, defendant renews the same arguments repeatedly rejected by the judge. Specifically, defendant argues plaintiff did not have standing to foreclose because plaintiff "did not retain ownership or possession of the original [n]ote" when the foreclosure complaint was filed, plaintiff did not have an assignment of the mortgage from MPF, and plaintiff mailed him a deficient NOI. We disagree.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In reviewing summary judgment motions, while we "view the 'evidential materials . . . in the light most favorable to the non-moving party[,]'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)), "an adverse party may not rest upon the mere

allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a).

Further, it is "well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original) (quoting Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. R. 4:46-2(b).

Pertinent to this appeal, when reviewing a motion for summary judgment in a foreclosure proceeding, "[t]he only material issues . . . are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 545 (App. Div. 1994). When "the execution, recording, and non-payment of the mortgage [are established], a prima facie right to foreclosure [is] made out." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). "As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt" in order to have "standing to proceed with the foreclosure

action." <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting <u>Wells Fargo Bank, N.A. v. Ford</u>, 418 N.J. Super. 592, 597 (App. Div. 2011)).  However, "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."  <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing <u>Mitchell</u>, 422 N.J. Super. at 216).

Here, applying these principles, we are satisfied that summary judgment was properly granted and affirm substantially for the reasons articulated in Judge Perfilio's comprehensive and well-reasoned oral opinions.  To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument is without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3373-17T4